NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 4 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FEBE RODRIGUEZ-GARCIA; ERIC
EVERALDO DUQUE-RODRIGUEZ;
ALISON YURITZY DUQUE-
RODRIGUEZ,

Petitioners,

v.

TODD BLANCHE, Acting Attorney
General,

Respondent.

No. 22-1259

Agency Nos.
A209-392-061
A209-392-062
A209-392-063

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 31, 2026[**]

Before: MURGUIA, Chief Judge, and WARDLAW and JOHNSTONE, Circuit
Judges.

Febe Rodriguez Garcia ("Rodriguez") and her minor children (together,

"Petitioners") seek review of a Board of Immigration Appeals ("BIA") decision

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

affirming an immigration judge's ("IJ") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We grant the petition for review in part, deny it in part, and remand to the BIA for further proceedings consistent with this disposition.

"When the BIA reviews the IJ's decision de novo, 'our review is limited to the BIA's decision except to the extent that the IJ's opinion is expressly adopted.'" *Park v. Garland*, 72 F.4th 965, 974 (9th Cir. 2023) (quoting *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021)). We review legal conclusions de novo and factual findings for substantial evidence. *Perez-Portillo v. Garland*, 56 F.4th 788, 792 (9th Cir. 2022).

1.     Procedural bars foreclose the merits of Rodriguez's petition. First, Rodriguez forfeited review of the no-nexus determination, which is dispositive of her asylum and withholding-of-removal claims. Both claims require a causal relationship, or nexus, between a persecutory harm and a protected ground. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 357–58 (9th Cir. 2017). Here, the BIA and IJ found no such nexus. Rodriguez fails to challenge this dispositive finding. Instead, Rodriguez raises arguments concerning credibility, past persecution, and fear of future persecution. We do not address these contentions because the BIA did not deny relief on these grounds. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820,

829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency.") (citation and internal quotation marks omitted).

2.    In her opening brief, Rodriguez does not contest the BIA's determination that Rodriguez waived any challenge to the IJ's denial of CAT protection.  Accordingly, the issue is forfeited.  *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013).

3.    We remand to the BIA to consider whether a claims-processing violation occurred in light of the defective Notice to Appear ("NTA") issued by the Government.  We have granted petitions for review and remanded to the BIA for further proceedings in materially similar circumstances.  *See Suate-Orellana v. Garland*, 101 F.4th 624, 629–32 (9th Cir. 2024).  Contrary to the Government's arguments, Rodriguez exhausted this issue by raising it before the IJ in her Motion to Terminate, and before the BIA in her appellate brief.  As in *Suate-Orellana*, Rodriguez argued that "the NTA was statutorily deficient and that, *as a result*, the IJ lacked jurisdiction." *Id.* at 629.  We thus remand "to allow the BIA to consider the impact of subsequent case law in the first instance." *Id.* at 630.

**PETITION GRANTED IN PART, DENIED IN PART, AND REMANDED.**[1]

---

[1] Rodriguez's Motion to Stay Removal is **GRANTED**.  *See* Dkt. No. 2.